**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6321**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TORRANCE JONES, a/k/a Tube,

                    Defendant – Appellant.

**No. 10-6324**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TORRANCE JONES, a/k/a Tube,

                    Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge. (5:96-cr-00079-BO-1; 5:10-cv-00017-BO)

Submitted: October 5, 2010          Decided: December 2, 2010

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

———————————

Torrance Jones, Appellant Pro Se in No. 10-6321; Clayton Reed Kaeiser, CLAYTON R. KAEISER, PA, Miami, Florida, for Appellant in No. 10-6324. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrance Jones seeks to appeal the district court's orders treating his 28 U.S.C.A. § 2241 (West 2006 & Supp. 2010) petition and his Fed. R. Civ. P. 60(b) motion as successive 28 U.S.C.A. § 2255 (West Supp. 2010) motions, and dismissing them on that basis. The orders are not appealable unless a circuit justice or judge issues certificates of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Jones has not made the requisite showing. Accordingly, we deny certificates of appealability and dismiss

the appeals. We also deny Jones' motion to appoint counsel in No. 10-6321.

Additionally, we construe Jones' notice of appeal in No. 10-6324 and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Jones' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4